NEDA FARAH S.B.N. 269819
FARAH LAW, P.C.
8383 Wilshire Blvd, Suite 510
Beverly Hills, CA 90211
310-666-3786 / 775-261-1726
neda@nedafarahlaw.com
Attorney for Plaintiff,
SHAWNA JONES

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWNA JONES, Individually, and on behalf of similarly situated consumers,<br><br>Plaintiff,<br>vs.<br><br>TRANSWORLD SYSTEMS INC., d/b/a TSI,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, Shawna Jones ("Plaintiff"), hereby alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 USC § 1692 (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "the Rosenthal Act" or "RFDCPA"), and the California Consumer Credit Reporting Agencies Act California Civil Code § 1785.1, *et seq.* ("CCCRA").

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 13 U.S.C. §1367.

2. Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

3. Plaintiff is a natural person, who at all relevant times has resided in Los Angeles, California. Plaintiff is both a natural person and a consumer.

4. Transworld Systems Inc. (hereinafter "Defendant") is a corporation doing business in the State of California, and operating from an address at 500 Virginia Drive, Suite 514, Fort Washington, Pennsylvania 19034.

5. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

**FACTUAL STATEMENT**

6. Defendant is seeking to collect an alleged debt from Plaintiff stemming from private student loans.

7. Defendant is seeking approximately $45,000 from Plaintiff.

8. To that end, Defendant credit reported information to TransUnion, a credit reporting agency. The information reported is considered derogatory because it indicates that Plaintiff has not made payment on a debt owed. Accordingly, the reporting results in a lower credit score.

9. In August 2019, after reviewing her credit report, Plaintiff recognized that Defendant was reporting the single alleged debt as two separate accounts as due and owing simultaneously.

10. As a result, Plaintiff was made to appear as delinquent on two accounts, while Defendant was truly only seeking to collect on a single account.

11. Upon information and belief, Defendant made a duplicate reporting in order to further incentivize payment.

12. Not only was Plaintiff's score depressed as a result of this duplicate reporting, Plaintiff's debt-to-income ratio was drastically impacted by doubling Plaintiff's alleged debt from approximately $45,000 to approximately $90,000.

## CLASS ACTION ALLEGATIONS

### The Class

13. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff seeks certification of the classes, initially defined as follows:

> **National Class: All consumers within the United States that have had alleged debts credit reported in duplicate to any credit reporting agency within one year prior to the filing of this complaint concerning debts incurred for personal, familial, or household use.**
>
> **California Class: All consumers with a California address that have had alleged debts credit reported in duplicate to any credit reporting agency within one year prior to the filing of this complaint concerning debts incurred for personal, familial, or household use.**

14. Excluded from the Classes is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates, or partners of Defendant.

### Numerosity

15. Upon information and belief, Defendant engaged in duplicate reporting for hundreds of consumers throughout the State of California, or alternatively, the United States, each of which

violates the FDCPA, RFDCPA, and CCCRA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

16. Under the FDCPA, duplicate reporting communications sent from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

17. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the members of the Class is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

18. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA, RFDCPA, and CCCRA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

19. Plaintiff's claims are typical of the claims of the members of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

20. Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the Class Action as sought herein.

**Proceeding Via Class Action is Superior and Advisable**

21. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

22. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a Class Action.

23. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

24. A Class Action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

25. Absent a Class Action, the members of the Class will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

26. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 USC § 1692 *et seq.***

27. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

28. Defendant's false and deceptive representations violated 15 USC § 1692e, e(2), e(8) and e(10).

29. Duplicate reporting is also unfair and abusive in violation of 15 USC § 1692f and § 1692d.

30. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §§ 1788.17**

31. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

32. Defendant has engaged in illegal conduct against Plaintiff in violation of 15 USC §§ 1692e, 1692f, and 1692d.

33. The Rosenthal Act, California Civil Code § 1788.17, requires every debt collector (Defendant) attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

34. Accordingly, Defendant's conduct violates the Rosenthal Act.

35. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

**COUNT III**
**VIOLATION OF THE CONSUMER CREDIT REPORTING AGENCIES ACT, CALIFORNIA CIVIL CODE § 1785.1 *et seq.***

36. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

37. At all times pertinent hereto, Transworld was a "person" as that term is used and defined within the California Consumer Credit Reporting Agencies Act ("CCCRA").

38. Transworld willfully and negligently supplied TransUnion with information about Plaintiff that was false, misleading, and inaccurate.

39. Transworld willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant § 1785.25.

40. Transworld's conduct, action and inaction was willful, rendering it liable for actual damages, punitive damages, and any other relief the Court deems proper. In the alternative, Transworld was negligent entitling the Plaintiff to recover actual damages.

WHEREFORE, Plaintiff, Shawna Jones, respectfully requests that this Court do the following for the benefit of Plaintiff:

1. Enter an Order declaring Defendants' actions, as described above, in violation of the FDCPA, RFDCPA, and CCCRA;

2. Appoint Plaintiff as the Representative for the Classes, and appoint Plaintiff's Counsel as Lead Counsel for the Classes;

3. Enter judgment against the Defendant for statutory, actual, and punitive damages;

4. Award costs and reasonable attorneys' fees; and,

5. Grant such other and further relief as may be just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: June 22, 2020.

/s/ Neda Farah

NEDA FARAH S.B.N. 269819
FARAH LAW, P.C.
8383 Wilshire Blvd, Suite 510
Beverly Hills, CA 90211
310-666-3786 / 775-261-1726
neda@nedafarahlaw.com
Attorney for Plaintiff,
Shawna Jones